# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ALFRED A. SHAW,<br>    Petitioner, | Case No. 1:20-cv-190 |
| v. | McFarland, J.<br>Bowman, M.J. |
| WARDEN, FEDERAL CORRECTIONAL<br>INSTITUTION – HAZELTON,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

On March 13, 2020, the undersigned issued an Order requiring petitioner to show cause why this action should not be dismissed without prejudice, subject to being refiled, if appropriate, in petitioner's criminal case within (30) days.  (Doc. 2).   Petitioner was advised "that failure to comply with this Order will result in the dismissal of this action for want of prosecution."   (*Id.* at PageID 6).   To date, more than thirty (30) days after the March 13, 2020 Order, petitioner has failed to respond to the Order of the Court.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."   *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).   Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.   *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this action should be **DISMISSED** for lack of prosecution.

    **IT IS SO RECOMMENDED.**

 

     *s/Stephanie K. Bowman*
     Stephanie K. Bowman
     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALFRED A. SHAW,<br>    Petitioner,<br><br>           v.<br><br>WARDEN, FEDERAL CORRECTIONAL<br>INSTITUTION – HAZELTON,<br>    Respondent. | Case No. 1:20-cv-190<br><br>McFarland, J.<br>Bowman, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

2